UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**Kris Goodine**<br>**Stefanie Goodine,**<br><br>Debtor(s) | Chapter 13<br>Case No. 11-10989 |

**ORDER ALLOWING AND DISALLOWING CLAIMS**
**AND FINAL CONFIRMATION OF PLAN**

This matter came before the Court on the motion filed by the Debtor or Debtors (hereafter, the "Debtor"). After notice and hearing or opportunity for hearing, and for good cause shown, it is hereby ORDERED:

**I. ALLOWANCE OF CLAIMS.** The following claims are allowed pursuant to 11 U.S.C. § 502 as follows.

   **A. Administrative Expense Claims.** The trustee's fees as provided by 28 U.S.C. § 586 shall be paid concurrently with distribution on other claims. Other administrative expense claims are allowed as follows, and the confirmed plan is modified only as necessary to provide for such claims.

   1. Trustee statutory fee (calculated at 10% of plan total):          $4,970.00

   2. Total Debtor's attorney fees and expenses allowed to date through plan:   $1,524.00

   3. Administrative expense reserve:                                  $7,500.00

   4. Other:                                                           $0.00

   **B. Secured Claims Paid Directly By Debtor or Third Parties.** The following secured claims shall be paid directly by the Debtor or a third party pursuant to the existing contract(s). The lien securing each such claim shall not be impaired. Each claim to be paid by the Debtor shall not be discharged pursuant to 11 U.S.C. § 1328 unless (i) the Debtor surrenders the collateral during the term of the plan, (ii) the Court orders the return of the collateral to the creditor, or (iii) the Court grants relief from the automatic stay authorizing the creditor to enforce its state-law interests against the collateral. If any portion of such secured claim has been or shall be paid by the trustee (e.g., to cure prepetition arrears), then such portion is allowed elsewhere in this order.

| Claim # | Creditor | Collateral | Details |
|---|---|---|---|
| 3 | Bangor FCU | 2007 Artic Cat | monthly payments pursuant to contract terms with payments currently being made by disability policy |
| 4 | James B Nutter & Co. | 28 Maple Leaf Lane Hermon, ME | monthly payments pursuant to contract terms |

| Claim # | Creditor | Collateral | Details |
|---|---|---|---|
| | | | |
| 8 | Auto Credit of Bangor | 2007 Chevy Silverado | monthly payments pursuant to contract terms |

    **C.** **Secured Claims Paid By Trustee From Debtor's Funds.**  The following secured claims are hereby allowed and have been or shall be paid by the trustee from funds paid by the Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each secured creditor.

| Claim # | Creditor | Collateral | Allowed Claim or Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| 22 | United Consumer Financial Serv. | jewelry | $0.00 – claim paid as unsecured | n/a | n/a |

    **D.** **Cure of Executory Contracts and Unexpired Leases.**  Monetary defaults on the following executory contracts and unexpired leases will be cured as follows by payments by the trustee from funds paid by the Debtor. The confirmed plan is modified only as necessary to provide for payment by the trustee as set forth below to cure each executory contract and/or unexpired lease.

| Claim # | Creditor / Lessor | Property | Allowed Arrears | Interest (Rate & Dollar Amount) | Payment Schedule |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

    **E.** **Priority Claims.**  The following priority unsecured claims shall be paid as follows by the trustee from funds paid by the Debtor. Treatment of such claims is set forth in the confirmed plan, which is hereby modified only as necessary to provide for payment by the trustee as set forth below for each priority creditor.

| Claim # | Priority Creditor | Description of Claim | Allowed Claim |
|---|---|---|---|
| 11 | Maine Revenue Services | tax debt | $378.13 |
| | | | |

    **F.** **General Unsecured Claims.**  The following unsecured claims not entitled to priority status are hereby allowed. Treatment of such claims, including provisions for Small Claims and other classes of general unsecured claims, is set forth in the confirmed plan, which is hereby modified as set forth below. The trustee shall pay such claims accordingly.

Special Classes:  None.

The sum of at least $35,327.87 shall be available for payment to allowed Class One and Class Two (Small) Claims, plus any unused portion of the administrative expense reserve.

| Claim # | General Unsecured Creditor | Allowed Claim |
|---|---|---|
| | | |

| Claim # | General Unsecured Creditor | Allowed Claim |
|---|---|---|
| 1 | University Credit Union | $10,578.41 |
| 2 | Bangor FCU | $5,515.74 |
| 5 | PRA Receivables Mngt. | $5,187.80 |
| 6 | Candica, LLC | $2,823.45 |
| 7 | Candica, LLC | $3,347.75 |
| 9 | Portfolio Recovery Associates | $1,871.27 |
| 10 | Portfolio Recovery Associates | $807.02 |
| 11 | Maine Revenue Services | $15.57 |
| 12 | Portfolio Investments I LLC | $2,022.14 |
| 13 | Hidden Oak Group, Inc. | $1,111.05 |
| 14 | US Dept. of Education | $3,579.33 |
| 15 | Portfolio Recovery Associates | $760.92 |
| 16 | HelpCard Processing | $1,902.22 |
| 17 | EastBay Funding, LLC | $7,138.00 |
| 18 | Ally Financial Inc. | $5,829.32 |
| 19 | Genesis Financial Solutions, Inc. | $1,320.09 |
| 20 | Absolute Resolutions Corp. | $691.88 |
| 21 | LVNV Funding LLC | $1,803.49 |
| 22 | United Consumer Financial Serv. | $209.41 |

II. **RESOLUTION OF OBJECTIONS TO CLAIMS**. The Debtor's objections to claims, if any, are resolved as follows:

| Claim # | Creditor | Disposition |
|---|---|---|
| 22 | United Consumer Financial Serv. | claim disallowed as secured |
|  |  |  |

III. **FINAL CONFIRMATION OF PLAN**. On October 27, 2011, the Court issued an interim order confirming Chapter 13 plan (docket #20). The Debtor moves for final confirmation of the Chapter 13 plan dated July 15, 2011, as it appears on the court docket as Docket Entry #5. Final confirmation of the plan is hereby granted.

IV. **SUMMARY**.

| | |
|---|---|
| A. Total to be paid to trustee (not including excess tax refunds) | $49,700.00 |
| B. Distributions under modified plan | |
| 1. Trustee Statutory Fees | $4,970.00 |
| 2. Attorney fees and expenses allowed through plan to date | $1,524.00 |

| | |
|---|---|
| 3. Administrative expense reserve | $7,500.00 |
| 4. Secured claims including interest | $0.00 |
| 5. Unexpired leases and executory contracts | $0.00 |
| 6. Priority claims | $378.13 |
| 7. General unsecured claims: Class One and Class Two (minimum combined dividend) | $35,327.87 |
| 8. General unsecured claims: Special Classes | $0.00 |
| 9. Other (describe) | $0.00 |
| Total Distributions: | $49,700.00 |
| C.  Excess tax refunds due to plan (to date) | $0.00 |

Date: September 5, 2012

_____
Judge Louis H. Korneich
United States Bankruptcy Court
District of Maine